# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF KENTUCKY
# LOUISVILLE DIVISION

**ANGELA LAWHORN**                                                      **PLAINTIFF**

**v.**                                **CIVIL ACTION NO. 3:25-CV-546-CRS**

**MAVETTA SWOPE** *et al.*                             **DEFENDANTS**

## MEMORANDUM OPINION

This is a civil action initiated by *pro se* Plaintiff Angela Lawhorn. Because Plaintiff is proceeding *in forma pauperis*, the Court must review this action pursuant to 28 U.S.C. § 1915(e)(2). *See McGore v. Wrigglesworth*, 114 F.3d 601, 608-09 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007). Upon review, this action will be dismissed.

### I.

Plaintiff, who indicates she resides in Kentucky, initiated this action on a civil-complaint form. She names as Defendants Mavetta Swope, an "assistant manager," and Chris Higgins, a "manager" – both of whom she indicates also reside in Kentucky.[1] She makes the following allegations:

> On Aug. 27/2025 @ approximately 6:30 p.m. [Plaintiff] was let in the gym by known tenants/neighbor to exercise due to the excessive defamation of mine/my daughter's Aniya Lawhorn's character as well as harassment, unfair treatment from management team + concierge @ Tarantino due to false allegations from daughter's former boyfriend/former tenant/roommate named Demetrius Jones broke lease by violating [illegible] . . . . character constantly especially Aniya Lawhorn reputation he defamed extremely bad . . . to Mavetta Swope, Chris Higgins, Kelly, Michael Tarantino as well as Carlos Veloz former neighbor . . . being discriminated by Tarantino defendant in this case defamed by Demetrius Jones/Tarantino. Also I was reinjured a third time within 1 month from the new tenants in the building I am taking to court for assault 1st degree/stalking

---

[1] She also names Michael Tarantino in the complaint and, in different sections, identifies him as both a plaintiff and a defendant. She indicates that he is a corporation incorporated under the laws of Kentucky with his principal place of business in Kentucky.

excessively/defamation/harassment."  Now has caused me to need cane to walk/stand unable to sit for more than 5 mins due to my scoliosis, sciatic nerve damage, spinal bifida unable to breathe due to no inhaler plus bronchitis flaring."

In the "Relief" section of the complaint form, Plaintiff writes "surveillance video Aug.27 @6:30-6:35 pm.  Medical records from Downtown Louisville ER Aug. 27 @ 7 p.m."

## II.

The Court recognizes that *pro se* pleadings are to be held to a less stringent standard than formal pleadings drafted by lawyers.  *Haines v. Kerner*, 404 U.S. 519 (1972).  The duty to be less stringent with *pro se* complaints, however, "does not require [the Court] to conjure up unpled allegations," *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979) (citation omitted), and the Court is not required to create a claim for a *pro se* plaintiff.  *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975).  To command otherwise would require the "courts to explore exhaustively all potential claims of a *pro se* plaintiff, [and] would also transform the district court from its legitimate advisory role to the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party."  *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

Rule 12(h)(3) of the Federal Rules of Civil Procedure provides, "If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."  It is axiomatic that federal district courts are courts of limited jurisdiction, and their powers are enumerated in Article III of the Constitution.  *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994); *Hudson v. Coleman*, 347 F.3d 138, 141 (6th Cir. 2003) ("[I]t is well established that federal courts are courts of limited jurisdiction, possessing only that power authorized by the Constitution and statute.").  Therefore, "[t]he first and fundamental question presented by every case brought to the federal courts is whether it has jurisdiction to hear a case,

even where the parties concede or do not raise or address the issue." *Douglas v. E.G. Baldwin & Assocs., Inc.*, 150 F.3d 604, 606-07 (6th Cir. 1998). Without jurisdiction, courts have no power to act. *Id*. at 606. The burden of establishing jurisdiction rests with the plaintiff. *Hedgepeth v. Tenn.*, 215 F.3d 608, 611 (6th Cir. 2000); *Douglas*, 150 F.3d at 606. There are two ways a federal district court may have jurisdiction over a case. *Douglas*, 150 F.3d at 607. The first is through federal-question jurisdiction under 28 U.S.C. § 1331, and the second is through diversity jurisdiction under 28 U.S.C. § 1332.

In the present case, Plaintiff has not met his burden of establishing federal-question jurisdiction under 28 U.S.C. § 1331. The "well-pleaded complaint" rule requires that "a federal question be presented on the face of the complaint." *Mich. S. R.R. Co. v. Branch & St. Joseph Cntys.*, 287 F.3d 568, 573 (6th Cir. 2002). Here, Plaintiff makes only vague allegations of defamation and assault which are state-law claims.

Plaintiff has also failed to establish diversity jurisdiction under § 1332(a) which provides that federal courts have original subject-matter jurisdiction over civil actions "between . . . citizens of different States."" Here, the complaint indicates that both Plaintiff and the listed Defendants are domiciled in Kentucky.

Moreover, even if the Court had federal question or diversity jurisdiction over this action, the Court would still dismiss it under § 1915(e)(2)(ii) for failure to state a claim upon which relief may be granted. To survive dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice." *Iqbal*, 556 U.S. at 678. Plaintiff's only complaint

3

against Defendants Swope and Higgins seems to be that she received "harassment" and "unfair treatment" from them and that they defamed her. The Court finds that these vague and conclusory statements lack "sufficient factual matter" to "'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 570 (2007).

### III.

The Court will enter a separate Order dismissing this action for the reasons stated herein.

Date: October 2, 2025

Charles R. Simpson III, Senior Judge
United States District Court

cc:   Plaintiff, *pro se*
4411.011